**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x

RAISSA LOMBA-AJOKU,                           :
                                              :
                  Plaintiff,    :          24-CV-6112 (AT) (OTW)
                                              :
          -against-                 :
                                              :          **ORDER**
NEW YORK STATE OFFICE OF CANNABIS             :
MANAGEMENT, et al.,                           :
                                              :
             Defendants.    :
                                              :
--------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

## I.   INTRODUCTION

The Court held an in-person status conference in this matter on June 2, 2026. At the

conference, the Court granted Plaintiff's motion to compel production of documents from self-

represented, non-party Mary Adelaja at ECF 79, and ordered production of the documents by

July 2, 2026. (ECF 95). In provisionally granting the motion, the Court gave leave for Ms. Adeleja

to challenge the production or otherwise ask the Court to reconsider by June 16, 2026. Pending

before the Court is a motion by Ms. Adelaja to quash the subpoena served on her by Plaintiff

Raissa Lomba-Ajoku. (ECF 99). For the foregoing reasons, the Court construes the motion to

quash as a motion for a protective order pursuant to Fed. R. Civ. P. 26(c), and the motion is

**GRANTED**.

## II.   BACKGROUND

Plaintiff Lomba-Ajoku, employed as an investigator for the New York State Office of

Cannabis Management ("OCM"), alleges that she was denied for a promotion in favor of a

white colleague. (ECF 1 at 1). Plaintiff brings this suit against the OCM and three of its individual

officers alleging violations of Title VII of the Civil Rights Act for racial discrimination and retaliation, and violations of New York State Human Rights Law and New York City Human Rights Law. *Id.*

Mary Adelaja is the former Chief Diversity Officer for the OCM, and is not a party to this suit. (ECF 79 at 1). On December 19, 2025, Ms. Adelaja was deposed by Plaintiff. *Id.* At the deposition, Plaintiff learned that Ms. Adelaja had used her personal cell phone to communicate with other employees at OCM. *Id.* On December 22, 2025, Plaintiff served Ms. Adelaja with a subpoena and directed production by January 2, 2025. *Id.* at 2. Ms. Adelaja acknowledged that she would not be able to return the documents by the requested date, which would have required her to work on production over the holiday season. (ECF 79-6 at 3). This resulted in Plaintiff filing a motion to compel.

### III. DISCUSSION

Federal Rule of Civil Procedure 45 allows a party to serve a subpoena for the production of documents and other information from a non-party. *See* Fed. R. Civ. P. 45(a)(1).  The subpoena recipient may move to quash the subpoena if the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The party seeking to quash the subpoena bears the burden of persuasion. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996).

Fed R. Civ. P. 26(c) authorizes a federal court, for good cause, to issue "an order to protect a party or persons [from whom discovery is sought] from annoyance, embarrassment,

2

or undo burden or expense." The Court may[] limit the scope of disclosure or discovery to certain matters. Fed R. Civ. P. 26(c)(1)(D). The party seeking a protective order bears the burden of establishing that good cause for the order exists. *Grambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004).

In the motion to compel, Plaintiff described the subpoena as being "limited to posts and communications concerning Adelaja's employment at OCM, issues bearing on discrimination complaints, and matters directly implicated in this litigation." (ECF 79 at 3). However, the language of the subpoena is much broader. Plaintiff first supplied the Court with the language of the subpoena in their opposition to the motion to quash. (ECF 100). The subpoena requests:

> 1. All communications concerning this lawsuit or the allegations in the Complaint.
> 2. All social media posts concerning New York State Governor Kathy Hochul and your employment with the State of New York, including the Office of Cannabis Management.
> 3. All emails from any personal, home, non-work, or work email accounts sent or received by you concerning the Office of Cannabis Management, including but not limited to communications regarding hiring practices at the Office of Cannabis Management.
> 4. All communications between you and Lisa Warner, from the date of employment at the Office of Cannabis Management (August/September 2021) to present.
> 5. All communications between you and Heriberto Barbot, Jr., from the date of employment at the Office of Cannabis Management (August/September 2021) to present.
> 6. All communications between you and any other employee, agent, or representative of the Office of Cannabis Management after your termination from OCM, including but not limited to communications concerning: a. Raissa Lomba-Ajoku; b. Complaints or allegations of discrimination or retaliation at the Office of Cannabis Management; c. This lawsuit or d. Your deposition testimony, from the date of employment at the Office of Cannabis Management (August/September 2021) to present.
> 7. All communications between you and Heriberto Barbot, Jr. relating to Plaintiff Raissa Lomba-Ajoku or this action.

(ECF 100-2 at 5-6) (emphases added).

Courts have regularly held that subpoenas seeking "All Documents" or "All Communications" on a given issue are "overbroad," "impermissible," and "presumptively improper." *Oakley v. MSG Networks, Inc.*, No. 17-CV-6903 (RJS), 2025 WL 72111, at *2 (S.D.N.Y. Jan. 9, 2025) (quoting *Hedgeye Risk Mgmt., LLC v. Dale*, No. 21-cv-3687 (ALC) (RWL), 2023 WL 4353076, at *2 (S.D.N.Y. July 5, 2023)). Indeed, request number 7, seeking communications between Ms. Adelaja and Mr. Barbot, is a more narrowly tailored request than request number 5, seeking "all" communication between those two individuals over a span of five years. Moreover, requests 1, 2, 3, and 7 are not limited in time at all and would cover any and all communications by Ms. Adeleja about any aspect of her former job, at any time. These patently overbroad requests, taken with the limited amount of time Plaintiff gave Ms. Adelaja to comply with the production, warrant a protective order.[1]

**IV. CONCLUSION**

In light of these overbroad requests, Ms. Adelaja is relieved of her July 2, 2026, deadline to comply with the subpoena as ordered on June 2. Plaintiff is directed to narrow the requests in a new subpoena to Ms. Adelaja by **Friday, June 10, 2026.** Ms. Adelaja may object to the subpoena by **Monday, July 24, 2026**, by filing a letter on the docket. <u>Plaintiff's counsel is warned</u> that if the Court finds that the revised subpoena still subjects Ms. Adelaja to an undue burden, the Court may impose sanctions under Fed. R. Civ. P. 45(d)(1).

---

[1] In provisionally granting Plaintiff's motion to compel, the Court relied on counsel's representation that the requests were narrowly tailored to supplement "emails and exchanges" to or from Ms. Adelaja in the course of her employment that had already been provided by OCM. (June 2, 2026, Tr. at 6:21-24). On their face, these requests were not narrowly tailored at all.

The Clerk of Court is respectfully directed to close ECF 99.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: July 2, 2026                                    **Ona T. Wang**
     New York, New York                           United States Magistrate Judge